UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-22540-CIV-MARTINEZ-BECERRA

NAVAL LOGISTIC, INC. d/b/a
MIDDLE POINT MARINA,

    Plaintiff,

v.

M/B VAMONOS, a 55' Andy
Mortensen, *in rem*,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation ("R&R") on Plaintiff's Amended Motion for Default Judgment (the "Motion"), (ECF No. 22). Judge Becerra filed an R&R recommending that the Motion be granted in part and denied in part. (ECF No. 26.) The Court has reviewed the R&R, the Motion, the entire record, and applicable law, and notes that no objections have been filed.

After careful consideration, it is hereby **ORDERED AND ADJUDGED** that United States Magistrate Judge Becerra's R&R, (ECF No. 26), is **AFFIRMED** and **ADOPTED**. Accordingly:

1. Plaintiff's Motion, (ECF No. 22), is **GRANTED IN PART AND DENIED IN PART** as stated herein.
2. Final default judgment is entered in favor of Plaintiff and against the Defendant Vessel on Count II of the Verified Complaint for foreclosure of a maritime lien.
3. Plaintiff is awarded a total of **$147,660.83** against the Defendant Vessel, comprised of: $40,312.25 in pre-arrest storage fees, along with prejudgment interest of $4,831.42, as well as *custodia legis* fees of $96,562.50 and costs of $5,954.66.
4. The United States Marshal is **DIRECTED** to sell the Defendant Vessel, a 55' Andy Mortensen motor vessel, including her engines, tackle, boats, and appurtenances, at public auction—free and clear of all liens and encumbrances—at the first available time and date in accordance with Supplemental Rule E of the Supplemental Admiralty Rules.

5. Plaintiff is permitted to credit bid its judgment of **$147,660.83** at the sale of the Defendant Vessel and is not required to pay any cash or other payment unless and until its successful bid exceeds the total of its judgment against the Vessel.

6. The United States Marshal is directed to prepare and cause to be published the Notice of Sale of Vessel, in the usual form as used by the United States Marshal for vessel sales in this District and incorporating the provisions of this Order. The Notice of Sale shall be published on at least two (2) different days, the first publication shall be at least fourteen (14) days prior to the date of sale, and the second at least seven (7) days prior to the date of the sale, pursuant to Local Admiralty Rule E(16)(b). The cost of publication shall construe the first charge against the proceeds of any claim.

7. The United States Marshal or the Substitute Custodian appointed by the Court, at the request of any interested person, shall grant permission to said person or his representative to visit, board, inspect, examine, and survey the Vessel at its current location or any other place to which it may be moved prior to the sale during the daylight hours of any day up to twenty-four (24) hours before the scheduled sale date, and provided that the same shall be done at the sole expense and risk of said interested person or his representative.

8. The Court shall retain jurisdiction over the Parties and subject matter herein for the purpose of considering confirmation of the expected sale of the *in rem* Defendant by the United States Marshal.

9. The Vessel's sale shall be "as is, where is" and free and clear of all liens and encumbrances, and pre-existing claims on the vessel, whether recorded or otherwise.

10. The sale of the Vessel shall be conducted pursuant to Local Admiralty Rule E(17) of the Southern District of Florida.

11. Plaintiffs are directed to serve a copy of this Order on the United States Marshal.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15 day of February, 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record